[Cite as *Burlingame v. Estate of Burlingame*, 2013-Ohio-3447.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| GRACE BURLINGAME | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No.  2010-CA-00124 |
| ESTATE OF DALE BURLINGAME, | : | 2010-CA-00130 |
| ET AL | : | |
| | : | O P I N I O N |
| Defendants-Appellants | | |

And


JAMES R. COOMBS, II., ET AL

Defendants-Appellees



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal on remand from the Ohio Surpeme Court, Stark County Court of Common Pleas, Case No. 2009CV00689 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | August 5, 2013 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellant, James Burlingame, Administrator of Estate of Grace Burlingame, Deceased | For Defendant-Appellee Canton City Fire Department,  Canton City Hall and James R. Combs |
| ELIZABETH A. BURICK<br>1428 Market Avenue North<br>Canton, OH 44714 | KRISTEN BATES AYLWARD<br>KEVIN L'HOMMEDIEU<br>Canton Law Department<br>City Hall<br>Canton, OH |
| For Appellant Eva Finley, Administrator<br>THOMAS LOMBARDI<br>101 Central Plaza S., Ste 900<br>Chase Tower<br>Canton, OH 44702 | For Appellant Eva Finley, Administrator<br>ORVILLE L. REED, III<br>Buckingham, Doolittle & Burroughs, LLP<br>3800 Embassy Parkway, Suite 300<br>Akron, OH  44333 |

*Gwin, P.J.*

{¶1} Upon remand from the Supreme Court of Ohio, this Court is asked to consider whether this Court's ruling in *Burlingame v. Estate of Burlingame*, 5th Dist. No. 2010–CA–00124, 2011-Ohio-1325, ["*Burlingame I*"] should be modified in light of the Supreme Court's decision in *Anderson v. Massillon,* 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266.

{¶2} We have permitted the parties to brief the issue as framed by the Ohio Supreme Court.

*Facts and Procedural History*

{¶3} Plaintiff-appellant Joseph Burlingame, as the representative of the Estate of Grace Burlingame, deceased, and defendant-appellant, Eva Finley, as the representative of the Estate of Dale Burlingame, deceased, appeal a summary judgment of the Court of Common Pleas of Stark County, Ohio, which found defendants-appellees the City of Canton and its employee James R. Coombs II are entitled to immunity from liability arising out of an accident between the decedent's vehicle and a Canton City fire truck.

*Assignment of Error*

{¶4} Appellant assigns a single error to the trial court:

{¶5} "I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS/APPELLEES' MOTION FOR SUMMARY JUDGMENT AS REASONABLE MINDS COULD CONCLUDE THAT DEFENDANTS/APPELLEES OPERATED THE VEHICLE IN A WANTON, WILLFUL AND/OR RECKLESS MANNER."

I.

**{¶6}** In *Burlingame I,* we found that a firefighter's alleged violations of traffic statutes and departmental policies were factors a jury could consider to determine whether the officer's conduct was reckless for purposes of overcoming statutory immunity, and that genuine issues of material fact as to whether firefighter acted wantonly or recklessly precluded summary judgment for defendants, based on immunity from suit.

**{¶7}** The Ohio Supreme Court clarified the definitions of these terms in *Anderson,* holding that "[w]ilfull, wanton, and reckless describe different degrees of care and are not interchangeable." *Anderson,* paragraph one of the syllabus. The Court further held,

> Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury. (*Tighe v. Diamond,* 149 Ohio St. 520, 80 N.E.2d 122 (1948), approved and followed.)

> Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result. (*Hawkins v. Ivy,* 50 Ohio St.2d 114, 363 N.E.2d 367 (1977), approved and followed.)

> Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is

unreasonable under the circumstances and is substantially greater than negligent conduct. (2 Restatement of the Law 2d, Torts, Section 500 (1965), adopted.)

*Anderson* at paragraphs two, three and four of the syllabus.

{¶8} Additionally, the Court reiterated that violation of a statute, ordinance, or departmental policy enacted for the safety of the public is not per se willful, wanton, or reckless conduct but may be relevant to determining the culpability of a course of conduct. Id. at paragraph five of the syllabus. Nevertheless, "without evidence of an accompanying knowledge that the violations will 'in all probability result in injury,' evidence that policies have been violated demonstrates negligence at best." (Citations omitted). *Anderson,* at ¶38.

{¶9} We find the trial court erred in granting summary judgment. The trial court must apply the definitions of willful, wanton, and reckless conduct as now defined by the Ohio Supreme Court in *Anderson.* Additionally, the trial court erred in the case at bar in finding violations of internal departmental policies are not relevant to a finding of malice, bad faith or wanton or reckless manner. The violation of a statute, ordinance, or departmental policy enacted for the safety of the public is not per se willful, wanton, or reckless conduct, but may be relevant to determining the culpability of a course of conduct. *Anderson,* paragraph five of the syllabus.

{¶10} For the foregoing reasons the judgment of the Court of Common Pleas, Stark County, Ohio is reversed, and the cause is remanded for further proceedings in accordance with the law and consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0722

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GRACE BURLINGAME | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ESTATE OF DALE BURLINGAME, | : | |
| ET AL | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | CASE NO.      2010-CA-00124 |
| And | | |

JAMES R. COOMBS, II., ET AL

Defendants-Appellees

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accordance with law and consistent with this opinion. Costs to appellees.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

[Cite as *Burlingame v. Estate of Burlingame*, 2013-Ohio-3447.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GRACE BURLINGAME | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ESTATE OF DALE BURLINGAME, ET AL | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2010-CA-00130 |
| And | | |
| | | |
| JAMES R. COOMBS, II., ET AL | | |
| Defendants-Appellees | | |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellees.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE