[Cite as *Burlingame v. Estate of Burlingame*, 2014-Ohio-5440.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GRACE BURLINGAME | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2014CA00033 |
| | : | |
| ESTATE OF DALE BURLINGAME, ET AL. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No.
2009CV00689


JUDGMENT:                              AFFIRMED

DATE OF JUDGMENT ENTRY:      December 8, 2014

APPEARANCES:

For Plaintiff-Appellee:                   For Defendants-Appellants:

ELIZABETH A. BURICK                 KEVIN R. L'HOMMEDIEU
Elizabeth A. Burick Co. LPA          KRISTEN BATES AYLWARD
1428 Market Ave. N.                     Canton Law Department
Canton, OH 44714                        218 Cleveland Ave. SW
                                                Canton, OH 44701-4218

ORVILLE L. REED, III
Stark & Knoll                              For Defendant-Appellee:
3475 Ridgewood Road
Akron, OH 44333-3163                  THOMAS LOMBARDI
                                                101 Central Plaza S., Suite 900
                                                Canton, OH 44702

*Delaney, J.*

{¶1} Defendants-Appellants City of Canton and its employee James R. Coombs, II appeal the February 7, 2014 judgment entry of the Stark County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts were recited in *Burlingame v. Estate of Burlingame*, 5th Dist. Stark Nos. 2010CA00124, 2010CA00130, 2011-Ohio-1325:

{¶3} On July 4, 2007, Grace and Dale Burlingame were heading home after enjoying a family picnic at their granddaughter's house. On their route home, the Burlingames were stopped at the red light at 18th Street, N.W., and Cleveland Ave, N.W. in Canton.

{¶4} The traffic signals in Canton, like many other large cities, have a device known as a "preemption system," that overrides the usual traffic light pattern. When properly initiated, this system affords an emergency vehicle a favored status (green light) at an intersection. It is the siren that initiates the preemption system, not a horn or other device.

{¶5} James R. Coombs, II was a firefighter with the Canton City Fire Department. On July 4, 2007, he was driving a fire truck that was responding to an emergency call. Coombs immediately activated the fire trucks lights and siren after pulling out of the fire station. As Coombs drove south on Cleveland Avenue, the siren stopped working just south of the 22nd Street intersection. When Coombs could not successfully reactivate the siren, Captain Rick Sacco who was in the passenger seat of

the fire truck ordered Coombs to slow down and use the truck's air horn to alert motorists.

{¶6} Testimony was presented that the City of Canton had trained its firefighters to stop at red lights even when responding to emergency calls. In addition, the firefighters were trained that, if the siren malfunctioned during a run, to convert the emergency response into a non-emergency. In the case at bar, Coombs continued to proceed in an emergency response mode in spite of the malfunctioning siren.

{¶7} As Coombs approached the intersection on a red light, he could see the cross-traffic stopped on 18th Street. An ambulance traveling with its siren activated and headed south on Cleveland Avenue passed through the intersection while the Burlingames' vehicle was stopped at the red light. Brooke James the driver of the vehicle that was behind the Burlingames' van saw the traffic light turn from red to green after the ambulance passed.

{¶8} As he approached the intersection, Coombs sounded the truck's air horn and was traveling at a speed between 35 to 40 miles per hour. Coombs thought he saw his traffic light turn green, however it did not. When Mr. Burlingame's light turned green, Mr. Burlingame slowly pulled his vehicle into the intersection to make a left turn. Coombs saw the van pull into the intersection and attempted to avoid hitting it by swerving left of center. The Burlingames' vehicle was struck by Appellees' 20–ton fire-truck traveling at 40 mph from a perpendicular direction. Mr. Burlingame was killed instantly; Mrs. Burlingame sustained serious personal injuries and later died from those injuries.

{¶9}   On February 19, 2009, Plaintiff-Appellee Grace Burlingame, filed suit seeking to recover money damages for the personal injuries that she suffered in a catastrophic collision that occurred on July 4, 2007 at the intersection of Cleveland Avenue and 18th Street, N.W. in the City of Canton. Burlingame named as Defendants, Joseph Burlingame, Executor of the Estate of Dale Burlingame, deceased, as well as the City of Canton, the Canton City Fire Department, James R. Coombs, II and Motorists Insurance Group. Burlingame filed a cross-claim against the Canton City Fire Department, the City of Canton, James R. Coombs, II and the Canton City Fire Department seeking damages for the wrongful death of Dale Burlingame as a result of the accident of July 4, 2007. The City of Canton, James R. Coombs, II and the Canton City Fire Department filed an Answer to that cross-claim and included, among its affirmative defenses, that they were entitled to all the immunities, privileges and defenses granted to them pursuant to Chapter 2744 of the Ohio Revised Code. The City, Coombs and the Canton City Fire Department cross-claimed against the Estate of Dale Burlingame and claimed that they were entitled to be indemnified for his alleged negligence. The City also sought to recover damages for the loss that it suffered to its fire truck.

{¶10} The City of Canton, Canton Fire Department and James R. Coombs, II moved for summary judgment. The trial court found the evidence demonstrated that Coombs' actions were negligent at best, and did not rise to the level of malicious purpose, bad faith or in a wanton and reckless manner. The court concluded Coombs and the City of Canton had statutory immunity from the Burlingames' suit.

{¶11} Grace Burlingame appealed the trial court's decision to grant summary judgment in favor of the City of Canton and Coombs. In *Burlingame v. Estate of Burlingame*, 5th Dist. Stark Nos. 2010CA00124, 2010CA00130, 2011-Ohio-1325 ("*Burlingame I*"), this court reversed the decision of the trial court to grant summary judgment. We found that a firefighter's alleged violations of traffic statutes and departmental policies were factors a jury could consider to determine whether the officer's conduct was reckless for purposes of overcoming statutory immunity. We further found there were genuine issues of material fact as to whether the firefighter acted wantonly or recklessly to preclude summary judgment in favor of the City of Canton and Coombs.

{¶12} The City of Canton and Coombs appealed our decision in *Burlingame I* to the Ohio Supreme Court. The Supreme Court accepted the discretionary appeal. *See Burlingame v. Estate of Burlingame*, 129 Ohio St.3d 1449, 2011-Ohio-4217, 951 N.E.2d 1046.

{¶13} On December 6, 2012, the Supreme Court sua sponte reversed our decision in *Burlingame I* based on the authority of *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266. The Court remanded the case to the court of appeals for further proceedings consistent with the Court's opinion in *Anderson v. Massillon*. *See Burlingame v. Estate of Burlingame*, 134 Ohio St.3d 490, 2012-Ohio-5698, 983 N.E.2d 1252.

{¶14} Upon remand, this Court permitted the parties to brief the issue of whether our decision in *Burlingame I* should be modified in light of the Supreme Court's decision

in *Anderson v. Massillon. See Burlingame v. Estate of Burlingame*, 5th Dist. Stark Nos. 2010CA00124, 2010CA00130, 2013-Ohio-3447, ¶ 1.

{¶15} On August 5, 2013, we issued our decision in *Burlingame v. Estate of Burlingame*, 5th Dist. Stark Nos. 2010CA00124, 2010CA00130, 2013-Ohio-3447 ("*Burlingame II*"). We considered the appeal under the guidelines of *Anderson v. Massillon* and held the trial court erred in granting summary judgment. We stated:

> The trial court must apply the definitions of willful, wanton, and reckless conduct as now defined by the Ohio Supreme Court in *Anderson.* Additionally, the trial court erred in the case at bar in finding violations of internal departmental policies are not relevant to a finding of malice, bad faith or wanton or reckless manner. The violation of a statute, ordinance, or departmental policy enacted for the safety of the public is not per se willful, wanton, or reckless conduct, but may be relevant to determining the culpability of a course of conduct. *Anderson,* paragraph five of the syllabus.

*Burlingame II, supra* at ¶ 9. The matter was remanded to the trial court for further proceedings consistent with our opinion and law. *Id*. at ¶ 10.

{¶16} Upon remand, the trial court issued a judgment entry on February 7, 2014. The trial court stated in its judgment entry, "[t]he Fifth District Court of Appeals has twice ruled that factual issues exist and that summary judgment is not proper. This Court is bound by the explicit and express language of the higher court rulings. It is abundantly clear that the Fifth District has determined that this case is one where issues remain for

the finder of fact and that summary judgment does not apply as a matter of law. The Motion for Summary Judgment is therefore denied." (Judgment Entry, Feb. 7, 2014).

{¶17} It is from this decision the City of Canton and Coombs now appeal.

## ASSIGNMENTS OF ERROR

{¶18} The City of Canton raises two Assignments of Error:

{¶19} "I. THE TRIAL COURT ERRED IN FINDING THAT FACTUAL ISSUES EXIST, AND BY FAILING TO ANALYZE THE UNDISPUTED FACTS TO THE SUPREME COURT'S HOLDING IN ANDERSON V. MASSILLON.

{¶20} "II. THE APPELLANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE MR. COOMBS DID NOT INTENTIONALLY VIOLATE ANY TRAFFIC STATUTES OR DEPARTMENTAL RULES, AND THERE WAS NO OTHER EVIDENCE THAT HE ACTED MALICIOUSLY, WITH BAD FAITH, OR CONSCIOUSLY DISREGARDED A KNOWN RISK."

## ANALYSIS

### I. and II.

### Standard of Review

{¶21} The Assignments of Error concern the trial court's judgment entry denying summary judgment. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶22} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶23} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶24} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). The appellate court

reviews the motion for summary judgment de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E.2d 1243.

### Genuine Issues of Material Fact

{¶25} Through the numerous proceedings at all court levels, the evidence in this case presented pursuant to Civ.R. 56 has not changed. This court has had the opportunity to conduct a summary judgment analysis of the Civ.R. 56 evidence in *Burlingame I*, *Burlingame II,* and the current appeal. In *Burlingame II,* we conducted our analysis of the Civ.R. 56 evidence with the benefit of the guidance of *Anderson v. Massillon.*

{¶26} In the present case, we again conduct a de novo review and consider the evidence in a light most favorable to the nonmoving party. We find there are genuine issues of material fact that overcome a finding of judgment as a matter of law in favor of the City of Canton and Coombs. Reasonable minds could come to differing conclusions as to whether the City of Canton and Coombs are liable for the injuries to the Burlingames or whether statutory immunity applies.

{¶27} Accordingly, the two Assignments of Error of the City of Canton and Coombs are overruled.

**CONCLUSION**

{¶28} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and.

Baldwin, J., concur.